UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANCES DARLENE BACA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:22-cv-02798 (UNA) |
| | ) | |
| | ) | |
| CPI/GV CRESTVIEW ESTATES OWNER, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the court on review of plaintiff's application for leave to *proceed in forma pauperis* ("IFP"), ECF No. 2, and her *pro se* complaint, ECF No. 1.  The court will grant the IFP application, and for the reasons discussed below, it will dismiss the complaint without prejudice for want of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Hesperia, California, states that she is the personal representative of the estate of Joseph F. St. Jean, Jr., who resided in Crestwood Estates, a mobile home park for senior citizens in Fallbrook, California.  She alleges that defendants fraudulently obtained title to Mr. St. Jean's property in December 2018, and prior to Mr. St. Jean's death in September 2019, took possession of Mr. St. Jean's personal property, including antiques and collectibles.  For defendants' alleged conversion of property, plaintiff demands actual damages of $750,000, plus punitive damages due to defendant's alleged "filing [of] a defective Grant Deed . . . claiming . . . property ownership of Crestwood Estates, with the intent of carrying out multiple frauds upon Crestview Estates' elderly tenants."

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available

when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Here, plaintiff relies on diversity of citizenship as the basis for the court's jurisdiction. Although defendants CPI/GV Crestview Estates Owner, LLC and Daniel A. D'Aniello appear to reside or conduct business in the District of Columbia and Virginia, respectively, the remaining defendant, Crestview Mobile Home Estates, LLC, is incorporated under the laws of California and has its principal place of business there. In this circumstance, where plaintiff and Crestview Mobile Home Estates, LLC both are citizens of California, plaintiff does not demonstrate complete diversity. "When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit." *Bush*, 521 F. Supp. 2d at 71 (citing *Fox v. Bd. of Trustees of the State Univ. of N. Y.*, 42 F.3d 135, 140 (2d Cir.1994)) (additional citation omitted); *see Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."). Furthermore, the complaint fails to state any federal question, *see* 28 U.S.C. § 1331, and such a question must "affirmatively appear clearly and distinctly[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

Consequently, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   October 31, 2022                         _____ s/s_____
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge